UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAKANII D. BEATTY | : |
| Petitioner | : CIVIL ACTION NO. 3:21-0405 |
| v. | : (JUDGE MANNION) |
| | : |
| WARDEN CLAIR DOLL, | : |
| Respondent | |

### MEMORANDUM

On March 4, 2021, Petitioner, Takanii D. Beatty, an inmate confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He requests the Court lift a parole detainer lodged against him as a result of new criminal charges. Id. Presently before the Court is Respondent's motion to dismiss the petition as moot, claiming Petitioner was subsequently sentenced on April 26, 2021 on the charges contained within the detainer. (Doc. 5). No traverse has been filed. For the reasons set forth below, the Court will grant Respondent's motion and dismiss the petition as moot.

I. **Background**

On March 5, 2018, Petitioner plead guilty to one count of manufacture, delivery, or possession with intent to manufacture or deliver heroin. (Doc. 5-1 at 3, Criminal Docket for CP-67-CR-7835-2016). He was sentenced to a six-to-twenty-three-month term of imprisonment in the York County Prison, beginning on April 2, 2018. Id. He was granted parole effective September 1, 2018.

On February 27, 2020, Defendant was charged with new criminal charges, alleged to have occurred on December 28, 2019. (Doc. 5-2 at 4). He was arrested on February 28, 2020 and incarcerated in York County Prison, at which time a 72-hour detainer was lodged against him. Id.

On March 3, 2020, the Court granted a Petition for Parole Violation and a Petition for Permanent Detainer, filed by the York County Adult Probation. Id.

On June 11, 2020, Petitioner filed a counseled Motion to Lift and Vacate the Parole Detainer. (Doc. 5-1 at 8, Criminal Docket for CP-67-CR-7835-2016). Following a hearing and the filing of briefs, the Court denied the motion on August 14, 2020. Id. Petitioner then filed multiple *pro se* motions and was provided appointed counsel before ultimately retaining Attorney Ronald Gross. Id.

On March 24, 2021, Attorney Gross entered his appearance and filed a Petition to Schedule Parole Violation Hearing. Id.

On April 26, 2021, Petitioner appeared with counsel before the court for a Parole Violation Hearing. (Doc. 5-3 at 1). At the hearing, Petitioner admitted to being in violation of his parole by having police contact and was sentenced to the unserved balance of 547 days with no chance for reparole. Id. The resentence was ordered effective February 28, 2020, the date he entered York County Prison on his new charges and the initial detainer. Id. The detainer has been lifted as Petitioner is now incarcerated in York County Prison on his sentence in case CP-67-CR-7835-2016.

## II. Discussion

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. §2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant

for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Maleng v. Cook, 490 U.S. 488, 491–492 (1989) (habeas petitioner does not remain "in custody"

under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera–Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53 (2000). Compare United States v. Cottman, 142 F.3d 160 (3d Cir. 1998).

Here, Petitioner seeks to challenge the legality of the detainer placed against him by the York County Adult Probation and requests that the

detainer be lifted. (Doc. 1). However, Plaintiff's April 26, 2021 sentencing on the charges contained in the detainer have rendered the issue moot. Thus, Petitioner's claim for relief will be dismissed as moot, without prejudice to Petitioner's right to demonstrate that he will suffer collateral consequences from the denial of federal habeas relief.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be dismissed as moot and the case will be closed.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 22, 2021**
21-0405-01